UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANDRAE HALL, 753586,

                         Plaintiff,

                                                        **MEMORANDUM & ORDER**
             -against-                                  20-CV-4651 (GRB)(AKT)

MR. MITCHELL SALAWAY; ERIC GONZALEZ, D.A.;
PRABHALYA PULIM, A.D.A.; CHUN D., JUDGE;
CRAIG NEWMAN, JAHEEM SMITH, GOVERNOR
CUOMO,

                         Defendants.
-------------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

On September 28, 2020, *pro se* plaintiff Andrae Hall ("plaintiff"), currently incarcerated at the Suffolk County Correctional Facility ("SCCF"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Mitchell Salaway, Esq. ("Salaway"), Craig Newman, Esq. ("Newman"), Eric Gonzalez, the Brooklyn District Attorney ("Gonzalez"), Assistant District Attorney Prabhalya Pulim ("Pulim"), Supreme Court Judge D. Chun ("Justice Chun"), Officer Jaheem Smith ("Smith"), and Governor Cuomo (collectively, "defendants") together with an application to proceed *in forma pauperis*. Upon review, the Court finds that plaintiff is qualified, by his financial status, to commence this action without prepayment of the filing fee. Accordingly, the application to proceed *in forma pauperis* is granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and with leave to file an amended complaint.

# BACKGROUND

**1.  Summary of the Complaint[1]**

Plaintiff's complaint is submitted on the Court's Section 1983 complaint form and is brief.

Plaintiff's complaint alleges, in its entirety, that on July 13, 2019:

> Officer Jaheem Smith sexually and verbally assaulted me, plus physically assaulted my company.   Mr. Eric Gonzalez altered my video evidence to protect Mr. Smith. Mrs. Pulim violated my due process.   Mr. Salaway for reason from the D.A. and A.D.A. refuse to give me my discovery.   Even though the deadline on my discovery ended on Febuary 20, 2020 for the People 45 days.   Judge Chun D allowed the D.A. and A.D.A to hold my discovery and give me a offer of 5 year without know the evidence against me.   So that being said my 4th, 5th, 14th and 15th amendment was and is being violated.   Also Article 60.10 and 245 of the Criminal Procedure Law was violated.   Last but not least the Governor of N.Y.C. for violation of my 30/30 motion for speedy trial.   Also my 6th, 8th amendment was violated.

Docket Entry ("DE") 1 at 3-4, ¶ II.   In the space on the form complaint that calls for a description of any injuries suffered as a result of the events alleged in the statement of claim as well as any medical treatment required and/or received, plaintiff wrote:

> False arrest, due to me being arrested I lost my job and my apartment, on medication for depression and anxiety.   Now I have a felony on my record which I never had, I was sexually harassed and now can't sleep because of my past sex abused as a child, now because of Officer Smith I reliving my past. and I'm away from my daughter who's autistic and have development issues.   Emotional distress.

*Id.* at 4-5, ¶ II.A.   Plaintiff therefore appears to set forth a claim for false arrest in violation of his Fourth Amendment rights, as well as unspecified violations of his Fifth, Sixth, Eighth, Fourteenth, and Fifteenth Amendment rights.   For relief, plaintiff seeks to recover monetary damages to the sum of $20 million.   *Id.* at 5, ¶ III.

Plaintiff has annexed several letters to his complaint.   In a letter dated September 13, 2020

---

[1]  Excerpts from the complaint are reproduced here exactly as they appear in the original.   Errors in spelling, grammar, and punctuation have not been corrected or noted.

addressed to Justice Chun, plaintiff complains about the evidence against him, claiming that it has been "altered and shortened to wrongfully demonstrate and discredit my character to the jury." DE 1 at 11.   Plaintiff also complains that he has not received "the full extent of my discovery" from the prosecution.   *Id.*   Next, plaintiff expresses concern about contracting COVID-19 at the Suffolk County Correctional Facility and requests that he be released with "a monitor" because "I just want to be with my family while I fight my case."   *Id.* at 12.

In a letter dated September 17, 2020 addressed to the "Civil Court of New York," plaintiff provides further details on his allegations against Smith. Specifically, plaintiff claims that, on July 13, 2019, while at a bar in Brooklyn with a "female friend," he was approached by Smith.   *Id.* at 6.   Plaintiff writes that Smith offered to buy plaintiff a drink and, when plaintiff declined, Smith "placed his hand on my shoulder" and "I start to feel like he was not only sexually harassing me but also verbally."   *Id.* at 6-7.   According to the letter, plaintiff walked away and was "tackled to the ground," whereupon Smith was escorted from the bar.   *Id.* at 7.   After plaintiff later left the bar with his friend and while walking to the train station, plaintiff claims that Smith approached them and "he and my female friend got into a fight.   After punching her to the ground he started to yell 'he just wanted to have some fun a hang out with me.' That night my friend and I was arrested."   *Id.*   Plaintiff and his friend were thereafter "charged with assault 2 with a hate crime."   *Id.* at 8.   Plaintiff claims he was then "offered 5 years with 5 year probation" and did not have an "attorney visit" or receive discovery.   *Id.*   Plaintiff also claims that the prosecution violated his rights by "altering the video of that night in the bar to protect Officer Smith's wrong doing."   *Id.*

Finally, in a letter dated September 13, 2020, plaintiff wrote to Newman, requesting that Newman "put in a motion for a R.O.R. or a ankle monitor so I can fight the case from home."   *Id.*

at 9.   Plaintiff also reiterated his concern about catching the COVID-19 virus while at the Suffolk

County Correctional Facility.   *Id.*

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first

considers whether plaintiff qualifies for *in forma pauperis* status, and then considers the merits of

the complaint under 28 U.S.C. § 1915(e)(2).   *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d

Cir. 1983).

### a. *In Forma Pauperis*

Along with the *pro se* complaint, plaintiff filed an application to proceed *in forma pauperis*.

DE 2.   Upon review of the *in forma pauperis* application, the Court finds that plaintiff is qualified

by his financial status to commence this action without the prepayment of the filing fee. Therefore,

the application to proceed *in forma pauperis* is granted.

### b. Sufficiency of the Pleadings

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the
> action is frivolous or malicious, fails to state a claim on which relief may be granted,
> or seeks monetary relief against a defendant who is immune from such relief.   *See*
> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).   The Court is required to dismiss the action as
> soon as it makes such a determination.   *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

> It is axiomatic that district courts are required to read *pro se* complaints
> liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v.
> Gamble*, 429 U.S. 97, 106, (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir.
> 2010), and to construe them "'to raise the strongest arguments that [they] suggest [
> ].'"   *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24
> (2d Cir. 2010)).   Moreover, at the pleadings stage of the proceeding, the Court
> must assume the truth of "all well-pleaded, nonconclusory factual allegations" in
> the complaint.   *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir.
> 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft*

4

*v. Iqbal*, 556 U.S. 662 (2009)).   However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth."   *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."   *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011).   While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).   Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

The Second Circuit has held that "[d]istrict courts should generally not dismiss a *pro se* complaint without permitting at least one opportunity to amend, but granting leave to amend is not necessary when it would be futile."   *Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)); *see also Shipman v. Charles Schwab & Co.*, No. 14-CV-4568 (ENV)(LB), 2016 WL 11472831, at *7 (E.D.N.Y. Aug. 11, 2016) ("[T]he court need not grant leave to amend 'where the substance of the claim pleaded is frivolous on its face.'" (quoting *O'Neil v. Ponzi*, 394 F. App'x 795, 796-97 (2d Cir. 2010))).   A claim is frivolous "where it lacks an arguable basis either in law or in fact."   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Lamb*, 698 F. App'x at 2.

**DISCUSSION**

Plaintiff's complaint fails to allege a plausible claim for relief.  Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).  To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law.  *See id*.  For the reasons set forth below, plaintiff's allegations fail to state a claim under Section 1983.

### 1.  False Arrest

Plaintiff purports to allege a false arrest claim.  A § 1983 claim for false arrest "is substantially the same as a claim for false arrest under New York law."  *Bonadies v. Town of Amenia*, No. 19-CV-10890, 2020 WL 5209510, at *10 (S.D.N.Y. Aug. 31, 2020) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).  New York law requires that a plaintiff show that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged."  *Wheeler v. Kolek*, No. 16-CV-7441 (PMH), 2020 WL 6726947, at *4 (S.D.N.Y. Nov. 16, 2020) (internal quotation marks and citation omitted); *see also Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012).  "The existence of probable cause to arrest constitutes justification

and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Wheeler*, 2020 WL 6726947, at *4 (internal quotation marks and citation omitted); *see also Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007). In turn, "[c]onclusory assertions that [plaintiff] was 'illegally' or 'unlawfully' arrested are not sufficient to state a claim under § 1983." *Sanchez v. Miller*, No. 20-CV-0620 (CM), 2020 WL 1140843, at *6 (S.D.N.Y. Mar. 6, 2020).

Here, plaintiff's sparse allegations do not allege a plausible false arrest claim. Plaintiff alleges in conclusory fashion that he was falsely arrested but omits facts concerning his conduct or inaction that led to this arrest. *See* DE 1 at 3-4, ¶¶ II, II.A. Plaintiff does not identify or describe the arresting officer, making it impossible for this Court to analyze whether that officer had probable cause to arrest plaintiff.[2] *Id*. Nor do the letters annexed to the complaint include sufficient factual content to support plaintiff's false arrest claim.

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotations marks and citation omitted). "A Section 1983 complaint that does not allege the personal involvement of a defendant thus fails as a matter of law." *Trotman v. Herod*, No. CV 19-3788 (GRB)(LB), 2020 WL 5043934, at *3 (E.D.N.Y. Aug. 26, 2020) (citing *Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010)). Here, because plaintiff has not made any allegations demonstrating the personal involvement of any of the defendants in plaintiff's arrest, he has not alleged a plausible false arrest claim.[3]

---

[2] Plaintiff does not allege that Officer Smith was the arresting officer and none of the named defendants are alleged to have been personally involved in plaintiff's arrest.

[3] Though far from clear from the allegations in the complaint, to the extent that plaintiff seeks to impose liability on any defendant based on the supervisory positions they hold, the Second Circuit recently made clear that "there is no

Moreover, "[a]n arrest is privileged as a matter of law if the individual claiming false arrest is convicted of the crime for which he or she was arrested." *Icangelo v. Doe*, No. 13-CV-01638 (SJF)(ARL), 2013 WL 1455313, at *2 (E.D.N.Y. Apr. 2, 2013); *see also*. *Sanchez*, 2020 WL 1140843, at *6 ("[A] civil rights plaintiff cannot pursue claims that would necessarily be inconsistent with a conviction."). Therefore, if plaintiff is subsequently convicted of the charges for which he was arrested, in order to recover damages for an allegedly false arrest, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ *of habeas corpus*[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018).

Accordingly, because plaintiff is awaiting trial,[4] his false arrest claim is premature. *Birdsall v. City of Hartford,* 249 F. Supp. 2d 163, 171 (D. Conn. 2003) ("It is well settled in the Second Circuit that in order to prevail on a cause of action for false arrest or malicious prosecution, a plaintiff must prove that the underlying criminal proceeding terminated in his favor." (citation omitted)).[5] Because plaintiff has not alleged a plausible false arrest claim, this claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

---

special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d. 609, 618 (2d Cir. Dec. 28, 2020). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Id.* at 620.

[4] A review of the public records maintained by the New York State Office of Court Administration on its website reflects that plaintiff's next appearance is presently scheduled for April 6, 2021, while his trial is yet to be scheduled. *See Courts:WebCriminal,*, https://iapps.courts.state.ny.us/webcrim_attorney/ (last visited on March 2, 2020).

[5] Additionally, insofar as plaintiff seeks damages solely for emotional injury, plaintiff is cautioned that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), provides that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999) ("[T]he PLRA restricts an inmate's right to file suit in federal court prior to exhausting administrative remedies and, with respect to emotional distress claims, without a prior showing of physical injury.").

### 2.      Lack of State Action

Apart from the threshold problem that plaintiff has not made specific allegations supporting any other constitutional deprivation, plaintiff's Section 1983 claims against his defense attorneys, Salaway and Newman, necessarily fail because these defendants are not state actors and plaintiff has not alleged that they conspired or jointly acted with a state actor to violate his constitutional rights.  *See, e.g.*, *Mercado v. Orange Cty. Legal Aid Soc'y*, No. 19-CV-11904 (CM), 2020 WL 635579, at *2 (S.D.N.Y. Feb. 10, 2020) ("[T]he representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender." (citing *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004))).

Here, plaintiff's sparse allegations do not allege that either Salaway or Newman acted outside "a lawyer's traditional functions as counsel" nor does he allege any basis from which the Court could reasonably construe that either of these defendants engaged in any "concerted action" with a state actor.  *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *Mercado*, 2020 WL 635579, at *2.   Accordingly, plaintiff has not alleged a plausible Section 1983 claim against either Salaway or Newman and these claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

### 3.      Immunity

Plaintiff's claims against the remaining defendants are similarly barred. His claims against Governor Cuomo, Justice Chun, DA Gonzalez, and ADA Pulim (collectively, the "state defendants") in their official capacities are barred by the Eleventh Amendment, while his claims against the prosecuting attorneys and the judge are additionally barred by prosecutorial and judicial

immunity, respectively.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has long held that the Eleventh Amendment bars suits against a state by one of its own citizens. *See*, *e.g.*, *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). This prohibition extends to the claims against the state defendants, as bringing a suit against a state employee in her official capacity "effectively render[s] [it] a suit against the State" itself. *KM Enters., Inc. v. McDonald*, 518 F. App'x 12, 13 (2d Cir. 2013) (citation omitted); *D'Alessandro v. City of New York*, 713 F. App'x 1, 8 (2d Cir. 2017) (summary order).

However, sovereign immunity "is not absolute," and the Supreme Court "ha[s] recognized . . . two circumstances in which an individual may sue a State." *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). First, "a State may waive its sovereign immunity by consenting to suit." *Id.* Second, "Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment." *Id*.; *see also Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 80 (2000). Neither of these exceptions applies in this case. It is well-established that New York State has not waived its sovereign immunity from Section 1983 claims. *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (summary order). Moreover, Congress did not abrogate that immunity when it enacted Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]"). Thus, plaintiff's claims against the

state defendants in their official capacities are barred by the Eleventh Amendment and are thus dismissed pursuant to 28 U.S.C §§ 1915(e)(2)(B) and 1915A(b).

Similarly, "[u]nder federal law, prosecutors enjoy absolute immunity from liability in suits seeking monetary damages for acts carried out in their prosecutorial capacities, *i.e.*, those acts intimately associated with the judicial phase of the criminal process . . . but not for those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." *Trotman v. Doe*, No. CV 18-7469 (GRB)(LB), 2020 WL 5097236, at *6 (E.D.N.Y. Aug. 27, 2020) (internal quotation marks and citation omitted). Here, plaintiff's Section 1983 claims against the prosecutors must fail because, although sparse, "the allegations of their roles falls squarely in the acts intimately associated with the judicial phase of the criminal process, and thus, they must be afforded prosecutorial immunity in this context." *Id.* at *7 (internal quotation marks and citation omitted); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019). Accordingly, these claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Finally, judges performing "in a judicial capacity are entitled to absolute immunity." *Hall v. Agostino*, No. 19-CV-5929(LDH)(LB), 2020 WL 6746842, at *2 (E.D.N.Y. Nov. 17, 2020) (quoting *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999)); *Burdick v. Town of Schroeppel*, 717 F. App'x 92, 93 (2d Cir. 2018) (summary order). "Absolute immunity 'acts as a complete shield to claims for money damages.'" *Id.* Thus, plaintiff's Section 1983 claim against Justice Chun must fail and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

4.     **Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when

11

a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). Plaintiff is therefore granted the opportunity to submit an amended complaint in accordance with this order following the conclusion of the on-going criminal proceedings against plaintiff in state court. Accordingly, the instant action is stayed pending the resolution of the underlying criminal case. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *see also Safran v. Singas*, No. 20-CV-4537(PKC)(SMG), 2020 WL 7125232, at * 5 (E.D.N.Y. Dec. 4, 2020) (staying false arrest claims pending the outcome of plaintiff's on-going state court criminal proceedings).

## CONCLUSION

Based on the foregoing, plaintiff's application to proceed *in forma pauperis* is granted but the complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff is granted leave to file an amended complaint. However, this case is stayed pending the resolution of the underlying criminal case. The Clerk of the Court is directed to administratively close this case, and plaintiff is granted leave to request in writing that this case be re-opened within two (2) weeks from the conclusion of the underlying criminal case, if so warranted at that time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to serve a copy of this order to plaintiff at his address of record and note service on the docket.

**SO ORDERED.**

Dated: Central Islip, New York
        March 3, 2021

                                        /s/ Gary R. Brown
                                        GARY R. BROWN
                                        United States District Judge

13